**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No.

FRONTIER ASTRONAUTICS, LLC,

      Plaintiff,

v.

FRONTIER AEROSPACE CORP.,

      Defendant.

## COMPLAINT AND JURY DEMAND

Frontier Astronautics, LLC ("Plaintiff"), by and through undersigned counsel, submits this Complaint and jury demand against Frontier Aerospace Corporation ("Defendant"), and states as follows:

### INTRODUCTION

1.    This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(b), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and common law trademark infringement under the laws of the State of Colorado. Each of these claims arise out of Defendant's unauthorized use of Plaintiff's trademarks and other acts of unfair competition complained of herein, which have occurred and are occurring within Colorado and elsewhere.

### THE PARTIES

2.    Plaintiff is a limited liability company having a principal place of business at 609 Windmill Rd., Chugwater WY 82210.

3.    Upon information and belief, Defendant is a corporation organized under the laws of California, having its principal place of business at 4109A Guardian Street, Simi Valley, California 93063.

## JURISDICTION AND VENUE

4.    This court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under the Lanham Act and relate to infringement of Plaintiff's Federal trademark. This court also has jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367.

5.    This court has personal jurisdiction over Defendant because it has expressly targeted its tortious activities towards the State of Colorado and has purposefully availed itself of the laws of the State of Colorado. Defendant has engaged in and continues to engage in these tortious activities with full knowledge that Plaintiff will be harmed by Defendant's infringement and unfair competition in the State of Colorado.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

**Plaintiff and its FRONTIER Mark**

7.    Throughout the United States, Plaintiff offers for sale and sells rocket engines, propellant systems, combustion chambers, pressurization systems, navigational apparatus and attitude control systems for spacecraft and space vehicles. Due to its many years of providing the foregoing goods and services to the aerospace industry, and the good will associated therewith, Plaintiff has become recognized as an innovator in the private space industry. Plaintiff has received multiple grants, including from NASA, most recently in 2019 and previously in 2018 in connection with 2018 NASA SBIR Z9.01-1039 *Integrated Launch Vehicle Booster using a Rocket Engine with a Combined Thermodynamic Cycle*.

8. Plaintiff is the owner of a trademark registration for the mark "FRONTIER ASTRONAUTICS", U.S. Registration Number 5,798,429 (the "FRONTIER Mark"), for goods in International Classes 007 and 009, and having a first use date of January 31, 2009. A copy of the FRONTIER Mark registration is attached as **Exhibit 1.**

9. For at least the past 10 years, Plaintiff has been marketing and distributing products and services under its federally registered FRONTIER Mark. During this time, Plaintiff has expended substantial amounts of time, money, and effort in cultivating substantial good will in the FRONTIER Mark. Plaintiff has distributed products bearing the FRONTIER Mark in interstate commerce continuously since 2009.

10. As a result of its widespread use in commerce, the distinctive FRONTIER Mark has become widely and favorably known as identifying products and services originating from or associated with Plaintiff. The public has also come to associate products bearing the FRONTIER Mark as being of high quality and good craftsmanship. Through Plaintiff's continuous and substantial use of the FRONTIER Mark, and considerable time, effort, money and other resources, the FRONTIER Mark has come to serve as a distinctive identifier of source of Plaintiff's rocket engines, propellant systems, combustion chambers, pressurization systems, navigational apparatus and attitude control systems.

**Defendant's Infringing Use Of FRONTIER Mark**

11. Defendant offers the same products and same types of products as Plaintiff, including through the same and similar channels as Plaintiff. Defendant only recently began marketing, advertising and holding itself out to consumers in the aerospace industry in the past four years, long after Plaintiff adopted the FRONTIER Mark.

12. Defendant maintains a website at www.frontier.us and incorporates the FRONTIER Mark in substantial part on that website. The products advertised and offered for sale on Defendant's website are the same products and same types of products as Plaintiff has advertised, offered for sale and sold under the FRONTIER Mark.

13. Defendant has also applied for a trademark registration for "Frontier Aerospace" as reflected in U.S. Trademark Serial No. 88/108,695. In that application, Defendant alleges a first use date of June 12, 2015. A true and accurate copy of the application for Frontier Aerospace is shown in **Exhibit 2**.

14. Defendant has continued to display, advertise, market, offer for sale and sell products using the "Frontier" name in other commercial settings. For example, Defendant used the "Frontier" name in connection with their bid for a 2018 NASA SBIR T9.01-5313 *Properties Investigation of High-MON Oxidizers for Use in Deep space Exploration*.

15. The products displayed by Defendant under the "Frontier Aerospace" name and/or bearing the "Frontier" logo are the same products and are within the same classification of products encompassed by the FRONTIER Mark.

16. Plaintiff notified Defendant of its infringement of the FRONTIER Mark prior to this Complaint. On June 17, 2019, Plaintiff sent a cease and desist letter to Defendant. A true and accurate copy of Plaintiff's June 17, 2019 letter is attached as **Exhibit 3**.

**COUNT ONE**
**Trademark Infringement**
**15 U.S.C. §§ 1114 and 1125(a)(1)(a)**

17. Plaintiff hereby incorporates the allegations contained in the foregoing Paragraphs 1-16 as if set forth herein.

18. Plaintiff is the owner of the FRONTIER Mark.

19. Plaintiff has registered the FRONTIER Mark with United States Patent and Trademark Office.

20. The FRONTIER Mark is a valid and subsisting trademark in full force and effect.

21. Defendant willfully and knowingly used, and continues to use, the FRONTIER Mark in interstate commerce for purposes of selling products bearing the FRONTIER Mark, throughout the United States, without Plaintiff's consent.

22. The products Defendant sells bearing the FRONTIER Mark are not authorized for sale by Plaintiff.

23. Defendant's unauthorized sale of products bearing the FRONTIER Mark is likely to cause confusion, cause mistake, or deceive consumers.  Defendant's unauthorized sale of products bearing the FRONTIER Mark is also likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is somehow affiliated with or sponsored by Plaintiff.

24. Defendant's unauthorized use of the FRONTIER Mark has infringed upon and materially damaged the value of the FRONTIER Mark, and has caused significant damage to Plaintiff's business relationships.

25. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

26. Plaintiff is entitled to recover its damages caused by Defendant's infringement of the FRONTIER Mark and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

27. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy of law for Defendant's infringement and, unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

28. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the FRONTIER Mark.

## COUNT TWO
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

29. Plaintiff hereby incorporations the allegations contained in the foregoing Paragraphs 1-28 as if set forth herein.

30. Defendant's advertisement and promotion of its products unlawfully using the FRONTIER Mark has been disseminated to the relevant purchasing public. Defendant's unauthorized use of the FRONTIER Mark in advertising, and otherwise, infringes on the FRONTIER Mark.

31. Defendant has used, and continues to use, the FRONTIER Mark to falsely advertise that the products they sell, including false advertising that the products they sell are associated or affiliated with Plaintiff and/or are made and sold under the FRONTIER Mark. The products Defendant sells bearing the FRONTIER Mark are not authorized for sale by Plaintiff.

32. Defendant uses of the FRONTIER Mark in connection with the unauthorized advertising, promotion, and sale of products bearing the FRONTIER Mark misrepresents the nature, characteristics, qualities, and origin of Defendant's products because it suggests that the products are those of Plaintiff or are sold under the license from Plaintiff.

33. Defendant's unauthorized use of the FRONTIER Mark in connection with the unauthorized advertising, promotion, and sale of products bearing the FRONTIER Mark is likely

to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is sponsored, authorized, or otherwise connected with Plaintiff.

34. Defendant's unauthorized and deceptive use of the FRONTIER Mark is material and likely to influence customers to purchase the products they sell, as consumers are likely to believe that products Defendant advertise using the FRONTIER Mark are Plaintiff's products.

35. As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

36. Plaintiff is entitled to recover its damages caused by Defendant's infringement of the FRONTIER Mark and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

37. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

38. Plaintiff is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the FRONTIER Mark.

### COUNT THREE
**Unfair Competition**
**15 U.S.C. § 1125(a)**

39. Plaintiff hereby incorporates the allegations contained in the foregoing Paragraphs 1-38 as if set forth herein.

40. Defendant has willfully and knowingly used, and continues to use, the FRONTIER mark in interstate commerce for purpose of selling Defendant's products without Plaintiff's consent.

41. The products Defendant advertises and sells bearing the FRONTIER Mark are not authorized for sale by Plaintiff.

42. The products Defendant advertises and sells bearing the FRONTIER Mark do not abide by and interfere with Plaintiff's quality controls and/or service requirements, as those products are materially different from Plaintiff's genuine products.

43. Defendant's unauthorized advertisement and sale of products bearing the FRONTIER Mark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that the products Defendant offers originate from Plaintiff and/or are of the same quality as the products originating from Plaintiff.

44. Defendant's unauthorized advertisement and sale of products bearing the FRONTIER Mark is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Defendant is sponsored by, authorized by, or otherwise connected with Plaintiff.

45. Defendant's unauthorized use of the FRONTIER Mark has infringed upon and materially damaged the value of the FRONTIER Mark and caused significant damage to Plaintiff's business relationship.

46. As a proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

47. Plaintiff is entitled to recover its damages caused by Defendant's unfair competition, including infringement of the FRONTIER Mark, and disgorge Defendant's profits from its willfully acts of unfair competition.

48. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

49. Plaintiff is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the FRONTIER Mark.

## COUNT FOUR
### Trademark Infringement – Colorado Common Law

50. Plaintiff hereby incorporates the allegations contained in the foregoing Paragraphs 1-49 as if set forth herein.

51. Defendant's acts, as described above, have caused and are likely to cause confusion or mistake or to deceive customers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's goods or commercial activities in violation of the common law of Colorado.

52. Defendant's acts of infringement have caused both irreparable harm and monetary damages to Plaintiff in an amount that cannot be ascertained at this time. Still, monetary damages alone are not adequate to fully address Defendant's infringement.

53. Defendant's acts of infringement and unfair competition in the State of Colorado have been willful and undertaken with the specific intent to misappropriate the goodwill and reputation associated with Plaintiff and its products.

54. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against Defendant as follows:

1. Declaring that the FRONTIER Mark is protectable and infringed by Defendant;

2. Declaring that Defendant has infringed U.S. Trademark Registration No. 5,798,429;

3. Declaring that Defendant's infringement was knowing, intentional, and willful;

4. Issuing temporary, preliminary, and permanent injunctions enjoining Defendant, its officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

> A. using the "Frontier" name (including in connection with the promotion, marketing, advertising, and sale of products), any colorable imitation thereof, or any otherwise confusingly similar mark;
>
> B. engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with, sponsored by or approved by Plaintiff; and
>
> C. engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights in and to the FRONTIER Mark.

5. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing or using the "Frontier" mark, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Plaintiff for destruction pursuant to 15 U.S.C. § 1118;

6. Ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

7. For an accounting of all profits derived from Defendant's infringement of Plaintiff's FRONTIER Mark, at Defendant's expense;

8. For disgorgement of all revenue and profits from Defendant's unlawful conduct, including an award of damages available under 15 U.S.C. §§ 1117 and 1125, and further including for Defendant's willful violation of § 43(a);

9. For an award of Plaintiff's attorneys' fees and costs incurred in this action;

10. For pre- and post-judgment interest;

11. For an award of costs as the prevailing party; and

12. For any and all other relief that the Court deems just.

## JURY DEMAND

Plaintiff Frontier Astronautics, LLC demands a Jury Trial on all issues so triable.

Dated:  07/31/2019	Respectfully Submitted,


By:  */s/* Ian R. Walsworth
Ian R. Walsworth
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Phone: (303) 861-7760
Fax:    (303) 861-7767
E-mail:  Ian.Walsworth@LewisBrisbois.com

*Attorneys for Plaintiff*

<u>Plaintiff's Address</u>
P.O. Box 127
Chugwater, WY 82210